Jon Weiner
jweiner@nw-attorneys.com
1415 Commercial St. SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

#### Portland Division

| | |
|---|---|
| CORY KREHBIEL, ROBERT GLASS, COETY HAILI, and GLEN VANDERYACHT, | Case No.    3:19-cv-530- |
| Plaintiffs, | **COMPLAINT** |
| v. | **Claims for violation of the Overtime Compensation and Minimum Wage provisions of the Fair Labor Standards Act (FLSA) (29 USC §§ 206, 207, 216(b), et seq.); State law claims for Unpaid Overtime and Minimum Wages, and Failure to Pay Wages Due and Owing upon Termination of Employment (ORS 652.140, ORS 652.150, ORS 652.200, ORS 653.025, ORS 653.055, ORS 653.261, et seq.)** |
| HD2, LLC, an Oregon Limited Liability Company, | |
| Defendant. | |
| | **(Demand for Jury Trial)** |

Plaintiff alleges:

Page **1** of **10** – Complaint

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

PRELIMINARY STATEMENT

1.

Plaintiffs Coety Haili, Cory Krehbiel, Glen Vanderyacht, and Robert Glass (collectively "Plaintiffs"), assert claims for wage and hour violations, including overtime compensation and minimum wage violations, under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207, 216(b), et al.  Plaintiffs also assert claims for wage and hour violations, including overtime compensation and minimum wage violations, and failure to timely pay wages due and owing upon termination of employment violations, under state law, ORS 652.140, ORS 652.150, ORS 653.261, et al.  Plaintiffs demand a jury trial.  The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

JURISDICTION

2.

This court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  Plaintiffs' state law claims are so closely related to their federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

/ /

/ /

/ /

Page **2** of **10** – Complaint

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

VENUE

3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred substantially in Yamhill County, Oregon.  Plaintiffs reside throughout the state of Oregon. HD2, LLC, (hereinafter referred to as "Defendant") is an Oregon limited liability company with its principal place of business located in Yamhill County, Oregon.

4.

At all times relevant, Defendant employed Plaintiffs as truck drivers, with its principle business location in McMinnville, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon (and across State borders in Washington), including but not limited to Yamhill County.

FACTUAL ALLEGATIONS

5.

During the term of Plaintiffs' employment with Defendant, all of their work was subject to the requirements of the FLSA and Oregon's state wage and hours laws.  Plaintiffs were engaged in commerce for purposes of the FLSA, and worked on or otherwise handled goods moving in interstate commerce. Upon information and belief, Defendant enjoy gross annual revenue in excess of $500,000.

/ /

/ /

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

6.

Plaintiff Robert Glass was employed as a truck driver by Defendant from approximately December of 2016 until May of 2017. He worked approximately 50-60 hours a week and his regular rate of pay was $20/hour.

Plaintiff Cory Krehbiel was employed by Defendant for approximately 90 days in or around July to October of 2017. He worked approximately 50-60 hours a week and his regular rate of pay was $17/hour.

Plaintiff Coety Haili was employed as a truck driver by Defendant from approximately August to November of 2017. He worked approximately 50-60 hours a week and his regular rate of pay was $17/hour.

Plaintiff Glen Vanderyacht was employed as a truck driver by Defendant from approximately June of 2016 to July of 2017. He worked approximately 50-60 hours a week and his regular rate of pay was $19.50/hour.

7.

Typically, at the beginning of each workday, plaintiffs would arrive at HD2's McMinnville facility to pick up their work trucks. From there, they would drive to a quarry to load up with dirt or other materials. They would then drive to a job site, drop off their loads, return to the quarry, and repeat the cycle throughout the day. After dropping off their loads at the day's last job they would return their trucks to McMinnville and depart home from there.

/ /

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

8.

Plaintiffs were not compensated for the time it took to prepare the trucks and drive from the McMinnville facility to the first quarry.  Similarly, they were not paid for the time it took to drive back to McMinnville at the end of the day. Because quarry and job site locations often varied, the precise time of uncompensated labor also varied.  However, plaintiffs estimate that their unpaid compensation amounted to approximately 2 hours per day.  Defendant was aware that its employees were not being compensated for their start-of-the-day and end-of-the day activities, but maintained it was not required to compensate Plaintiffs for that time.

## FIRST CLAIM – VIOLATIONS OF FLSA

### (Count 1 – Failure to Pay Overtime Compensation)

9.

Plaintiffs incorporate and realleges paragraphs 1 through 5 by this reference.  Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  Defendant willfully violated these provisions when it failed to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per workweek.

10.

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

Pursuant to 29 U.S.C. § 207, Plaintiffs are entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

### (Count 2 – Failure to Pay Minimum Wages)

11.

Plaintiffs incorporate and reallege paragraphs 1 through 10 by this reference. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . not less than" $7.25 per hour effective 2009. Defendant willfully violated this provision when it failed to pay Plaintiffs at least minimum wage for all hours worked.

12.

Pursuant to 29 U.S.C. § 206, Plaintiffs are entitled to compensation for their unpaid minimum wages, in an amount to be determined at trial. Pursuant to 29 USC § 216(b), Plaintiffs are also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

### SECOND CLAIM – VIOLATIONS OF STATE WAGE AND HOUR LAWS

### (Count 1 – Failure to Pay Overtime Compensation)

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

13.

Plaintiffs incorporate and reallege paragraphs 1 through 12 by this reference.  Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150."  Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)."  Defendant willfully violated these provisions when it failed to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

14.

Pursuant to ORS 653.261 and OAR 839-020-0030, Plaintiffs are entitled to compensation for unpaid overtime, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS 652.150, they are also entitled to reasonable attorney fees and costs.

**(Count 2 – Failure to Pay Minimum Wages)**

15.

Plaintiffs incorporate and reallege paragraphs 1 through 14 by this reference.  Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than . . .[f]or calendar years after 2003, a rate adjusted for inflation." Oregon minimum wage in 2015 was at the rate of $9.25 per hour, and beginning July 1, 2016, increased to the rate of $9.75 per hour. Defendant willfully violated these provisions when it failed to pay Plaintiffs minimum wage for all hours worked.

16.

Pursuant to ORS 653.025 and 653.055, Plaintiffs are entitled to compensation for unpaid minimum wages, in an amount to be determined at trial. Pursuant to ORS 653.055(4) and ORS 652.200, they are also entitled to reasonable attorney fees and costs.

**(Count 3 – Failure to Pay Wages Upon Termination of Employment)**

17.

Plaintiffs incorporate and reallege paragraphs 1 through 16 by this reference. Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment. Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

/ /

/ /

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

18.

At the time of the termination of their employment with Defendant, Plaintiffs were owed unpaid overtime and minimum wage compensation under the FLSA and state wage and hour laws.  That compensation was not timely paid upon termination of their employment as required under ORS 652.140 and ORS 652.150.

19.

Pursuant to ORS 652.140 and ORS 652.150, Plaintiffs are entitled to payment of unpaid overtime compensation, unpaid minimum wages, and 30 days' penalty wages, all in an amount to be determined at trial.  Pursuant to ORS 652.150 and ORS 652.200, Plaintiffs are also entitled to reasonable costs and attorney fees.

WHEREFORE, Plaintiffs demand the following on their claims for relief:

1. First Claim for Relief –

    A. Count 1 – For each individual Plaintiff, unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and  costs pursuant to 29 U.S.C. § 216(b).

    B. Count 2 – For each individual Plaintiff, unpaid minimum wage compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. §216(b).

2. Second Claim for Relief –

    A. Count 1 – For each individual Plaintiff, unpaid overtime wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

by the court, in addition to reasonable attorney fees and costs pursuant to ORS

653.055(1), (2) and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

B.  Count 2 – For each individual Plaintiff, unpaid minimum wage compensation, and

penalty wages, in an amount to be determined at trial, as well as any equitable relief

deemed appropriate by the court, in addition to reasonable attorney fees and costs

pursuant to ORS 652.200, ORS 652.140, and ORS 652.150.

C.  Count 3 – For each individual Plaintiff, unpaid minimum wage and overtime

compensation, and penalty wages, in an amount to be determined at trial, as well as any

equitable relief deemed appropriate by the court, in addition to reasonable attorney fees

and costs pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

DATED this 10th day of April, 2019.

*/s/ Jon Weiner*
Jon Weiner, OSB # 993944
1415 Commercial Street SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiffs

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302